**LOCAL 180 of the INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO, Plaintiff,**

v.

**J. I. CASE COMPANY, Defendant.**

No. 60-C-117.

United States District Court
E. D. Wisconsin.

July 22, 1960.

Max Raskin, Milwaukee, Wis., for plaintiff.

O. S. Hoebreckx, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

On order to show cause filed by plaintiff why a temporary injunction should not be entered enjoining defendant from allegedly breaching or threatening to breach a collective bargaining agreement.

Local 180 of the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, AFL-CIO, (hereinafter called the "Union") entered into a collective bargaining agreement with defendant, J. I. Case Company, (hereinafter called the "Company") on May 5, 1958. This agreement contains provisions governing the qualifications and eligibility of employees for

vacation pay. On December 29, 1959, the Union gave a sixty day notice to the Company that it proposed to modify the collective bargaining agreement, including the provisions relating to vacation pay. Pursuant to its terms which provide for termination of the agreement following the giving of said sixty day notice by either party, the contract expired on February 29, 1960, and the Union declared a strike against the Company. The strike continues to this date.

On July 11, 1960, the Company sent letters to the Union and the employees, wherein it informed them that the employees would have to return to work by July 25, 1960, to qualify for 1960 vacation pay.

The Union, by its amended complaint, alleges that the Company breaches or threatens to breach its promise as to vacation pay because the return to work requirement set forth in the Company letters of July 11, 1960, imposes a new qualification and condition of eligibility of the employees for vacation pay in violation of rights earned by and vested in said employees under the collective bargaining agreement of May 5, 1958.

The Union requests that the court declare the rights and obligations of the parties to the contract in respect to the provisions governing vacation pay; that the court enter a temporary injunction enjoining and restraining the Company from breaching or threatening to breach its obligation; and that the court enter a permanent injunction upon final hearing of the case. The Union rests jurisdiction on Section 301(a) of the Labor Management Relations Act of 1947, as amended, Title 29 U.S.C.A. § 185(a), and relies on the Declaratory Judgment Act, Title 28 U.S.C.A. §§ 2201–2202, for its remedy.

The Union claims that the Company's promise to award vacation pay only to those employees who return to work by July 25, 1960, is an attempt to produce a back-to-work movement among the striking employees resulting in irreparable harm to the Union by disrupting the unity of the Union and its collective membership and discouraging Union members from carrying out pledged objectives.

The Company answered that it has discharged its obligations under the May 5, 1958, agreement in respect to 1958 and 1959 vacations and that it has no obligations under that agreement in respect to 1960 vacations. The Company also challenges the jurisdiction of the court to hear the case and contends there is no basis for the award of injunctive relief.

■ The first matter for determination on the order to show cause is whether or not the jurisdiction of this court extends to the suit. Section 301(a) of the National Labor Relations Act provides that suits for violation of contracts between an employer and a labor organization, as there defined, may be brought in any district court of the United States having jurisdiction of the parties. Under the federal law fashioned by the courts in applying this statute, the section creates jurisdiction in the district court to enforce by appropriate remedies contract obligations of employers which run to the labor organization as, for example, promises to arbitrate or negotiate, and incidental thereto enforcement of arbitration awards. Textile Workers Union of America v. Lincoln Mills of Alabama, 1957, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972; Textile Workers Union of America v. Cone Mills Corp., 4 Cir., 1959, 268 F.2d 920, certiorari denied 361 U.S. 886, 80 S.Ct. 157, 4 L.Ed.2d 121. Promises to arbitrate or negotiate are the means to settlement of industrial disputes without resort to strike. Their enforcement is in furtherance of industrial harmony and the avoidance of disruption.

Promises securing individual rights of employees, as those concerning vacation pay, wages, or pension rights, may not be enforced by the labor organization

either alone or on behalf of the employees under Section 301(a) of the Act. Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 1955, 348 U.S. 437, 75 S.Ct. 488, 99 L.Ed. 510. This rule has not been modified by the Lincoln Mills decision. Local Lodge 2040, International Association of Machinists, AFL-CIO v. Servel, Inc., 7 Cir., 1959, 268 F.2d 692.

■ The Union contends that it is bringing this suit in its own interest and not to recover damages for or on behalf of individual employees. The alleged contract violation concerns a breach or threatened breach of a promise personal to the employees. The Union as an entity did not earn the right to vacation pay. Under the contract the Union has no right to the payment and cannot enforce any obligation the Company may have in respect thereto.

■ It appears to this court that Section 301(a) of the Act does not confer jurisdiction over this suit for the enforcement of the Company's promise to the individual employees in order to enforce whatever interest the Union may have in securing the Company's performance. The remedies of the Declaratory Judgment Act are not available unless the party invoking it has an enforceable interest in the proceeding. However, in view of the limited time devoted to this determination because of the urgent request to render a decision before July 25, 1960, the date set by the Company as the deadline for return to work, the court reserves its ruling on this question.

■ Assuming there were jurisdiction over this suit, the motion for a temporary injunction must be denied. There is a dispute as to the interpretation of the contract provisions relating to vacation pay and as to the alleged breach which cannot be fairly determined on the record before the court on the order to show cause. Assuming for the purposes of this proceeding that the Company has breached its promise to the employees, the employees have an adequate remedy at law to secure their rights under the contract. The Union has not shown that it has or that it would sustain irreparable harm from the alleged breach. No proof has been submitted as to the actual damages that would be sustained by the employees if the Company violates the agreement. The harm which the Union claims will result to it from an alleged violation of the agreement appears to be directly related to the actual monetary damages of the employees. The harm as claimed by the Union; that is, the inducing of the employees to abandon the strike by exertion of economic pressure, may be prevented and remedied by proceedings in respect to unfair labor practices before the National Labor Relations Board. This court has no such jurisdiction.

For the foregoing reasons, the motion for a temporary injunction must be and is hereby denied. Counsel for the defendant is hereby directed to prepare findings of fact and conclusions of law in accordance with this decision and under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., submitting them to counsel for plaintiff for approval as to form only.